### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NORTH DAKOTA
### EASTERN DIVISION

| | |
|---|---|
| Clifton Terrell Cannon, ) | |
| ) | |
| Petitioner, ) | |
| ) | **ORDER ON MOTIONS** |
| vs. ) | |
| ) | Case No. 3:20-cv-00097 |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 3:17-cr-00208 |
| Clifton Terrell Cannon, ) | |
| ) | |
| Defendant. ) | |

Before the Court are three motions filed by Defendant Clifton Terrell Cannon. First is a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. No. 123. Second is a motion for discovery. Doc. No. 152. Third is a motion for reconsideration of an order denying compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. No. 151. For the reasons below, the motions are denied.

**I.    BACKGROUND**

Cannon sold heroin and hydromorphone in and around Fargo, North Dakota. Doc. No. 106, ¶ 6. He obtained the drugs from sources in Fargo, Alexandria, and Minneapolis. Id. Typically, he sold one-point (.1 gram) quantities of heroin for approximately $50 and half-gram quantities for $150. Id.

On June 17, 2017, Cannon sold a one-point quantity of heroin to a female with the initials J.P. for between $30 and $50. Id. ¶ 7. After purchase, J.P. intravenously injected some of the heroin and set out for a nearby gas station. Id. She injected more heroin when she got there. Id. Bystanders then witnessed her collapse in the parking lot. Id. Emergency medical personnel arrived and revived J.P. with Narcan. Id. An ambulance subsequently transported her to the hospital for additional medical treatment. Id. When discharged from the hospital later that day, J.P. consented to act as a confidential informant for law enforcement. Doc. No. 132, p. 25. She soon arranged to purchase a half-gram of heroin from Cannon. Id. The controlled purchase went off as planned. Id.

The grand jury returned an indictment against Cannon on September 21, 2017. Doc. No. 1. The indictment charged Cannon with (1) conspiracy to possess with intent to distribute and distribute a controlled substance resulting in serious bodily injury, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and 18 U.S.C. § 2; (2) distribution of a controlled substance resulting in serious bodily injury, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2; and (3) distribution of a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2. Id.

Pursuant to a plea agreement, Cannon pleaded guilty to all three offenses. Doc. No. 100. The Court[1] ultimately imposed a sentence of 360 months' imprisonment on counts 1 and 2 and 240 months on count 3, all to run concurrently. Doc. No. 109. The Court entered judgment on April 19, 2019. Doc. No. 112.

---

[1] The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

Cannon did not pursue a direct appeal. But since sentencing, he has filed multiple post-conviction motions. On May 13, 2019, Cannon moved for a sentence reduction under Rule 35 of the Federal Rules of Criminal Procedure. Doc. No. 114. Upon reassignment to the undersigned, the Court denied the motion. Doc. No. 116. On March 27, 2020, Cannon submitted a letter explaining that he had yet to receive requested documents from his former attorney, John Goff, and therefore intended to move for an extension of time to file a motion under 28 U.S.C. § 2255. Doc. No. 119. He moved for such an extension one week later, repeating that he had not received his case file and stating (incorrectly) that his "deadline [was] coming up April 19, 2020." Doc. No. 120. On April 13, 2020, Cannon filed another letter seeking an extension that also raised a lack of access to the prison law library due to facility lockdowns at the onset of the COVID-19 pandemic. Doc. No. 122. Because no mechanism exists for prospectively tolling the limitation period prescribed in 28 U.S.C. § 2255(f), the Court denied the extension requests. Doc. No. 121.

Cannon's 28 U.S.C. § 2255 motion eventually arrived on June 2, 2020. Doc. No. 123. He took advantage of the inmate mailbox rule, declaring that he had deposited the motion in the prison mailing system on May 26, 2020. See id. at 13; Rule 3(d), Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"). Cannon then repeatedly moved for discovery without success. Doc. Nos. 130, 139, 144.

On June 16, 2020, Cannon separately moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. No. 124. The Court denied the motion, concluding that his minor health conditions failed to demonstrate an increased risk of serious illness from COVID-19 while incarcerated. Doc. No. 128, pp. 7-8. The Court further rejected compassionate release because the 18 U.S.C. §§ 3142(g) and 3553(a) factors strongly weighed against release. Id. at 8-11.

## II. DISCUSSION

In his 28 U.S.C. § 2255 motion, Cannon contends that Goff provided ineffective assistance of counsel by (1) failing to file a requested notice of appeal, (2) failing to consult with him about the advantages and disadvantages of an appeal, (3) failing to contest that the heroin he sold to J.P. was an independently sufficient cause of her overdose, and (4) failing to challenge counts 1 and 2 as multiplicitous. The discovery motion seeks the production of all material relevant to Cannon's ineffective assistance of counsel claims. The motion for reconsideration of compassionate release relies on the same health conditions Cannon previously raised and additionally avers that the Court lacked jurisdiction over his offenses in the first place. The Court addresses each motion in turn.

### A. Motion to Vacate, Set Aside, or Correct Sentence

A motion under 28 U.S.C. § 2255 affords relief "in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law." Raymond v. United States, 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255(b)). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Fletcher v. United States, 858 F.3d 501, 505 (8th Cir. 2017) (quoting Jennings v. United States, 696 F.3d 759, 762 (8th Cir. 2012)). An evidentiary hearing is required unless the allegations in the motion are inherently incredible, contradicted by the record, merely conclusory, or would not entitle the petitioner to relief even if true. Roundtree v. United States, 751 F.3d 923, 926-27 (8th Cir. 2014). The movant bears the burden to demonstrate an entitlement to relief. Golinveaux v. United States, 915 F.3d 564, 567 (8th Cir. 2019).

As a threshold matter, the Government contends that dismissal without an evidentiary hearing is warranted because Cannon submitted his § 2255 petition too late. Cannon responds by

4

raising the doctrine of equitable tolling in an attempt to extend the one-year limitation period. The Court concurs with the Government's position and will dismiss the petition as untimely.

A petitioner ordinarily must bring a § 2255 motion within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). An unappealed conviction becomes final when the time to file a notice of appeal expires. Anjulo-Lopez v. United States, 541 F.3d 814, 816 n.2 (8th Cir. 2008). Thus, Cannon's convictions became final when his window to appeal lapsed on May 3, 2019.[2] His § 2255 motion arrived more than one year later on June 2, 2020. Even with the benefit of the inmate mailbox rule, Cannon waited to submit his motion until May 26, 2020—still at least three weeks overdue. The motion is therefore untimely under § 2255(f)(1).

Alternatively, a § 2255 motion is timely if submitted within one year of "the date on which the facts supporting . . . the claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). To utilize § 2255(f)(4), "a petitioner must show the existence of a new fact, while also demonstrating that he acted with diligence to discover the new fact." Ingram v. United States, 932 F.3d 1084, 1088-89 (8th Cir. 2019) (citation omitted). Diligence requires a petitioner to take "prompt action . . . as soon as he is in a position to realize that he has an interest in challenging the prior conviction." Johnson v. United States, 544 U.S. 295, 308 (2005).

Cannon's ineffective assistance of counsel claims regarding overdose causation and multiplicity rest on facts readily available long before his convictions became final. Indeed, not only were the facts supporting these claims accessible, Cannon actually possessed subjective

---

[2] Cannon's unsuccessful Rule 35 motion did not alter the date on which judgment became final. See Dyab v. United States, 855 F.3d 919, 923 (8th Cir. 2017).

knowledge of them. Cannon sent Goff letters in June and November 2018—well before he changed his plea—identifying the very arguments he now relies on for relief. Doc. No. 156-2, pp. 1-2. For example, he asked, "How can they charge the same offense in more than one count? (Multiplicity)." Id. at 1. He then separately referenced Burrage v. United States, in which the Supreme Court held that "where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." 571 U.S. 204, 218-19 (2014). Immediately following that citation, Cannon probed at the asserted lack of a toxicology report or other evidence proving that J.P. overdosed from the heroin he supplied. Doc. No. 156-2, p. 2. These communications mirror the predicates for his present claims, conclusively showing their factual bases were available to Cannon more than one year before he filed his habeas petition. See Doc. No. 123, pp. 4-8. Accordingly, those claims remain time barred under § 2255(f)(4).

The appeal claims fare no better. At the outset, any facts supporting Cannon's allegation that Goff failed to consult with him regarding the prospects of an appeal necessarily arose before the time to appeal lapsed. The limitation period in § 2255(f)(4) consequently did not extend past May 3, 2020, rendering Cannon's initial appeal-related claim untimely.

As for the purported failure to file a requested notice of appeal, Goff sent Cannon a letter on April 22, 2019 stating, "[I]t was my understanding that you do not want me to file a notice of appeal for the reason that it will not be successful and will be similarly dismissed." Doc. No. 143-1. Cannon admits he received that letter. Doc. No. 156, p. 6. Nonetheless, he insists in his reply brief that he instructed Goff to pursue an appeal after receiving the letter. Id.

Assuming that is true, Cannon still falls short of demonstrating that he acted with diligence in trying to discover whether Goff followed through with the requested appeal. "[D]ue diligence require[s] a defendant to check his own docket entries to ensure that his attorney ha[s] filed an appeal." Jimerson v. Payne, 957 F.3d 916, 927 (8th Cir. 2020) (citation omitted). As a matter of public record, this task can be accomplished "anytime after the deadline for filing the appeal passed." Anjulo-Lopez, 541 F.3d at 818.

Cannon confirmed at sentencing that he understood the 14-day appeal interval. Doc. No. 131, p. 30. Despite that, he apparently took no action to check on the status of his case until late January 2020, when he contacted Goff by letter. Doc. No. 122, pp. 3-4. Cannon blames the delay on his transfer to FTC Oklahoma City and later to FCI McKean. Yet he submitted his Rule 35 motion on May 13, 2019—already ten days after the appeal deadline had passed—and mailed it from Cass County Jail in Fargo. Doc. Nos. 114, 114-1. Cannon mentioned nothing about an appeal in that motion, instead professing to "take 100% of responsibility of all counts." Doc. No. 114, p. 1. Nor did he ever contact the Clerk of Court for a copy of his docket sheet to ascertain whether he had a pending appeal. Even in the January 2020 missive, Cannon only asked Goff for various hearing transcripts and discovery items to aid in preparation of a § 2255 motion. Id. at 4. Nowhere did he inquire whether Goff had filed an appeal. In these circumstances, a reasonably diligent person in Cannon's position would have uncovered the failure to file a requested appeal at least within three weeks of the deadline's expiration. The notice-of-appeal claim is untimely under § 2255(f)(4) as a result.

Attempting to stave off dismissal, Cannon invokes the doctrine of equitable tolling, which permits a district court to retroactively toll the statute of limitations. See United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005). "Equitable tolling is an 'exceedingly narrow window of

7

relief.'"  Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005) (quoting Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001)).  A petitioner relying on equitable tolling must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented him from timely filing."  Keller v. Pringle, 867 F.3d 1072, 1075-76 (8th Cir. 2017) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)).

Here, both prongs counsel against equitable tolling.  Diligent pursuit of rights is absent for the same reasons Cannon's petition is untimely under § 2255(f)(4).  See Deroo v. United States, 709 F.3d 1242, 1246 (8th Cir. 2013) (concluding that defendant who failed to show diligence under § 2255(f)(4) equally failed to establish first element of equitable tolling).  Equitable tolling is therefore unavailable for lack of diligence.

Moreover, neither filing roadblock Cannon advances rises to the level of extraordinary circumstances.  He first asserts that Goff's failure to respond to the January 2020 letter asking for his case file prevented timely submission.  For equitable tolling purposes, however, "an attorney's negligence or mistake does not generally constitute an extraordinary circumstance."  Byers v. United States, 561 F.3d 832, 836 (8th Cir. 2009) (internal quotation marks omitted).  Even accepting Cannon's premise that Goff somehow erred by failing to respond,[3] such conduct amounts to negligence at most and in no way approaches the kind of "serious attorney misconduct" necessary to justify equitable tolling.  Martin, 408 F.3d at 1093-95 (finding extraordinary circumstances where attorney repeatedly misled defendant, failed to return approximately 40 phone calls, and withheld documents).

---

[3] The Government points out that Goff likely either did not have or could not have disclosed the material Cannon requested.  Transcripts from the change of plea and sentencing hearings had not been generated by January 2020, and transcripts of grand jury proceedings are subject to secrecy restrictions under Rule 6(e) of the Federal Rules of Criminal Procedure.  Further, a protective order limited the dissemination of discovery material.  Doc. No. 17.

Cannon's second asserted ground for extending the statute of limitations is that facility lockdowns owing to the COVID-19 pandemic hindered his access to the prison law library. But that pretext is unavailing. The Eighth Circuit rejected equitable tolling where a defendant lacked access to a prison law library and personal legal materials for five months while housed in a special confinement unit. Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013); see also Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (noting that lack of legal resources is normally an insufficient reason for equitable tolling). The court explained that filing remained unobstructed because the defendant had access to paper and writing implements and could submit mail to the district court during the confinement period. Muhammad, 735 F.3d at 815. Cannon's situation was similar. FCI McKean entered lockdown on March 12, 2020, just over seven weeks before the deadline for his habeas petition. Doc. No. 122, p. 2. In the intervening period, he submitted three separate documents (Doc. Nos. 119, 120, 122) before his § 2255 motion arrived, clearly denoting access to paper, writing implements, and the mail system. Considering the limited amount of time impacted and Cannon's persisting ability to submit documents to the Court, the facility lockdowns fail to evince extraordinary circumstances. Equitable tolling is therefore unwarranted. All told, Cannon's § 2255 motion is untimely and calls for dismissal.

B.      **Motion for Discovery**

The § 2255 petition's untimeliness forecloses the possibility of discovery too. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Newton v. Kemna, 354 F.3d 776, 783 (8th Cir. 2004) (quoting Bracy v. Gramley, 520 U.S. 899, 904 (1997)). That notwithstanding, a district court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rule 6(a), § 2255 Rules.

9

To establish good cause, a district court must have "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." Newton, 354 F.3d at 783 (cleaned up). Because Cannon's petition is time barred, he cannot show an entitlement to relief. The Court will not authorize discovery as a result.

### C. Motion for Reconsideration of Compassionate Release

Cannon's self-styled motion for reconsideration is twofold. Initially, he again seeks compassionate release based on his claimed risk of severe illness from COVID-19 while incarcerated. Doc. No. 151, pp. 1-18. In the exercise of its discretion, the Court construes this portion of the motion as a renewed request for compassionate release rather than under the stricter standard applicable to motions for reconsideration. Even doing so, Cannon's motion wholly lacks merit. The Court previously rejected Cannon's minor and partially self-induced health conditions as failing to establish extraordinary and compelling reasons for a sentence reduction. Doc. No. 128, pp. 7-8. In addition, the Court determined that the 18 U.S.C. §§ 3142(g) and 3553(a) factors decisively precluded release. Id. at 8-11. Nothing in Cannon's most recent motion changes those conclusions. The renewed effort to obtain compassionate release fails.

Extending beyond health conditions, though, Cannon's motion raises an altogether new challenge to the Court's jurisdiction over his offenses. Doc. No. 151, pp. 19-27. Although couched as an argument in support of compassionate release, this is in substance an attack on the legal validity of his convictions and sentence, which is "the heart of habeas corpus." McCarthy v. Bronson, 500 U.S. 136, 141 (1991). The Court thus construes Cannon's jurisdictional challenge as seeking additional relief under 28 U.S.C. § 2255. See United States v. Fine, 942 F.3d 1117, 1118 (8th Cir. 2020) (recharacterizing part of a compassionate release motion that attacked the legal basis for a defendant's sentence as a § 2255 petition). Because the Court had yet to adjudicate the initial § 2255 motion when Cannon's new claim arrived, the jurisdictional challenge is properly

construed as a motion to amend the original habeas petition.[4] See United States v. Sellner, 773 F.3d 927, 931-32 (8th Cir. 2014).

Nevertheless, just like the ineffective assistance of counsel claims, the jurisdictional challenge succumbs to the § 2255(f) statute of limitations. Cannon filed the new claim on January 4, 2021, well beyond one year from the date his convictions became final. And the factual allegations Cannon relies on predate his criminal case entirely, meaning § 2255(f)(4) offers no help. Cannon's jurisdictional challenge is therefore untimely standing alone.

As a final possibility, "claims made in an untimely filed motion under § 2255 may be deemed timely if they relate back to a timely filed motion as allowed by Federal Rule of Civil Procedure 15(c)." Dodd v. United States, 614 F.3d 512, 515 (8th Cir. 2010). An amendment relates back when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "To arise out of the same conduct, transaction, or occurrence, the claims must be tied to a common core of operative facts. New claims must arise out of the same set of facts as the original claims, and the facts alleged must be specific enough to put the opposing party on notice of the factual basis for the claim." Taylor v. United States, 792 F.3d 865, 869 (8th Cir. 2015) (cleaned up).

In this instance, the facts underlying the jurisdictional challenge relate to Congress's enactment of the federal criminal code, obviously far different than facts pertaining to the performance of Cannon's lawyer. So the proposed amendment cannot relate back because the

---

[4] When reclassifying a pro se pleading as a defendant's first § 2255 motion, a district court normally must provide warnings regarding the limitations on second or successive habeas petitions and afford an opportunity to withdraw the motion. See Castro v. United States, 540 U.S. 375, 383 (2003); Morales v. United States, 304 F.3d 764, 767 (8th Cir. 2002). The Court need not employ that procedure here, however, because Cannon plainly intended to seek § 2255 relief in his original motion, and the jurisdictional challenge constitutes a motion to amend rather than a new petition.

original § 2255 motion never placed the Government on notice of the factual basis for the new claim.  Even if relation back were appropriate, the jurisdictional challenge would remain untimely because the original habeas petition is itself time barred.  In consequence, Cannon's reclassified motion to amend mandates dismissal for lack of timeliness.

### III.     CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority.  For the reasons above, Cannon's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. No. 123) is **DENIED**.  To the extent Cannon attempts to amend his § 2255 petition (Doc. No. 151), that motion is **DENIED**.  The motion for discovery (Doc. No. 152) and the renewed motion for compassionate release (Doc. No. 151) are likewise **DENIED**.  Cannon's 28 U.S.C. § 2255 motion is hereby **DISMISSED WITH PREJUDICE** and without an evidentiary hearing.  The Court certifies that an appeal from the denial of the motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  Based upon the entire record, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.  Therefore, the Court will not issue a certificate of appealability.  Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997).  If Cannon desires further review of his motion, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated this 12th day of February, 2021.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court