IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| United States of America,                )<br>                                                          )<br>                    Plaintiff,             )<br>                                                          )<br>     vs.                                              )<br>                                                          )<br>Clifton Terrell Cannon,                )<br>                                                          )<br>                    Defendant.         ) | **ORDER ON MOTION**<br><br>Case No. 3:17-cr-00208 |

Before the Court is Defendant Clifton Terrel Cannon's second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and to appoint counsel filed on April 6, 2022. Doc. No. 162. The Government responded in opposition on April 20, 2022. Doc. No. 163. Cannon replied on May 16, 2022. Doc. No. 165. Cannon raises two arguments in his motion: (1) that the "harsh conditions of imprisonment imposed by COVID-19" qualify as extraordinary and compelling reasons, and (2) that "the sentencing disparity in this case is severe based on the fact that the § 841(b)(1)(C) enhancement allowed the Government to impose a twenty year mandatory minimum without sufficient evidence to support such an enhancement," citing Burrage v. United States. Doc. No. 162.

The Court previously denied Cannon's first motion for compassionate release, finding that Cannon's concerns regarding COVID-19 in the federal prison system do not "clear the high bar necessary to warrant a sentencing reduction." Doc. No. 128. In that order, the Court also thoroughly analyzed whether Cannon met his burden to show that he is not a danger to the safety of any other person or the community and considered the sentencing factors under 18 U.S.C. § 3553(a). Id.

As an initial matter, in the broad exercise of its discretion, the Court finds that Cannon's reasons for compassionate release, considered separately and in totality, do not meet the high bar to justify a reduction in sentence. First, assuming that a sentencing disparity is a proper ground for compassionate release, Cannon has not shown that his particular circumstances warrant a reduced sentence, chiefly, as discussed below, when considering Cannon's criminal history and the length of time remaining on his sentence. Second, even assuming COVID-19 restrictions are proper grounds for compassionate release, Cannon has not met his burden in showing that these conditions are in his case an extraordinary and compelling reasons justifying compassionate release.

More importantly, as stated in the Court's order denying Cannon's first motion to reduce sentence, Cannon has not overcome the Court's analysis of the 18 U.S.C. § 3553(a) factors. Doc. No. 128. To that end, the Court found at sentencing that Cannon had a criminal history category of IV. One of Cannon's previous convictions was for terrorizing, and his probation in that case was revoked for multiple violations. Cannon's pretrial release was also revoked in this case. Cannon was sentenced to a total of 30 years of imprisonment and his current release date is still over 22 years away. As such, release at this time would therefore create a substantially unwarranted sentencing disparity and fail to account for the seriousness of the instant offense in which the victim suffered a serious drug overdose, that lead to the administration of Narcan and hospitalization. The need for deterrence and community protection also weighs against a sentence reduction in this case. Additionally, and as noticed in the Court's previous order denying Cannon's first motion for compassionate release, while in BOP custody, Cannon continued to use illicit substances, which led to a disciplinary report. And since the Court's prior order, Cannon has

apparently continued to act in concerning ways, including having an unauthorized copper wire and possessing a nonhazardous tool.

Cannon's motion for compassionate release ultimately does not change the Court's prior conclusion that the danger to the safety of others or the community and § 3553(a) factors strongly weigh against release. Further, the appointment of counsel for a motion to reduce sentence is not required by the Constitution or statute; thus, the Court declines to appoint counsel for Cannon. Accordingly, after careful review of the record, and in the Court's broad discretion, the motion (Doc. No. 162) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 31st day of May, 2022.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court